**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAIMAA MEKIDECHE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-06624-JLT-EGC<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Chaimaa Mekideche's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges her ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) after overstaying her nonimmigrant visa. (Doc. 7 at 4.) For the reasons set forth below, the Court **GRANTS** the habeas petition.[1]

## II. LEGAL STANDARD

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Respondents "do not request a hearing and do not intend to file further additional affirmative briefing." (Doc. 7 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Algeria who first entered the United States in March 2023, on a B2 nonimmigrant visitor visa with authorization to remain in the United States until September 5, 2023. (Doc. 1 at 8, ¶ 36; Doc. 7 at 1.) Petitioner never left the United States as required. (Doc. 7 at 13.) While in the United States, Petitioner timely filed for asylum on January 12, 2024, which is derivative of her mother's I-589 application for asylum. (Doc. 1 at 8, ¶¶ 36-38.) The application remains pending. (*Id.*) Petitioner has no documented criminal history in the United States. (Doc. 7 at 13.)

On August 17, 2026, Petitioner reported to a scheduled interview and was arrested due to overstaying her visa. (Doc. 1 at 8, ¶ 39; Doc. 7 at 12.) Deportation officers served Petitioner with an I-200 Administrative Warrant for her Arrest. (Doc. 7 at 15.) DHS also issued Petitioner a Notice to Appear charging Petitioner as removable under INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B). (*Id.* at 6.) Petitioner was transferred to California City Detention Facility in California City, California, where she remains. (Doc. 1 at 4.)

## IV. DISCUSSION

### A. Exhaustion

In their motion to dismiss, Respondents contend that because Petitioner was admitted to the United States, she is subject to 8 U.S.C. § 1226(a), and would be entitled to a bond hearing. (Doc. 7 at 3.) Respondents argue that Petitioner failed to exhaust her administrative remedies before bringing this action because Petitioner did not ask for a bond hearing. (*Id.*) In her reply, Petitioner contends that prudential exhaustion should not be required here because there is no

statutory exhaustion requirement prior to challenging the constitutionality of an arrest or detention and any further exhaustion would be futile and result in irreparable harm. (Doc. 8 at 2.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court agrees with Petitioner that pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the prudential exhaustion requirement should be waived.

**B. Remedy**

Petitioner is charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is in removal proceedings and her detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 7 at 1-2.) Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue

to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

As evidenced by the I-200 Administrative Warrant and Notice to Appear issued at the time of Petitioner's arrest, the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome on her removal proceedings. (*See* Doc. 7 at 4.) That regulation provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger, or that this Court orders her immediate release. (*See* Doc. 1 at 12-13.) However, given that Petitioner overstayed her visa, Petitioner is only entitled to the relief afforded by applicable regulations.

As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). As such, the Court grants Petitioner's habeas petition to the extent she requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

7. The Clerk of Court is directed to serve California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: August 28, 2026

[signature]
UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.